IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-01333-CMA

In Re:

CHERYL L. PEREZ,

    Debtor,

ROBERT S. ABDALIAN, Special Counsel,

    Appellant,

v.

S. STEWART FARNET,

    Appellee.

**ORDER REGARDING BANKRUPTCY APPEAL**

This matter is before the Court on appeal from Bankruptcy Judge A. Bruce Campbell's ("Judge Campbell") Bankruptcy Order Denying Application for Final allowance and Denying Authorization for Payment of Special Counsel for the Debtor, in Bankruptcy Case No. 05-25535 ("Bankruptcy Order"). Jurisdiction is proper pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 158. For the reasons below, Judge Campbell's Order is affirmed.

**I. BACKGROUND**

The facts are recited at length in the Bankruptcy Order. A short recap follows. In June 2005, Debtor Cheryl L. Perez ("Debtor") filed a Chapter 11 reorganization case

after receiving a Louisiana court judgment against her and in favor of S. Stewart Farnet ("Farnet"), the largest creditor in the case.  In appealing that judgment, Debtor sought the services of attorney Robert S. Abdalian ("Abdalian").  To that end, in August 2005, Abdalian filed *Debtor's Application to Retain Abdalian LLC as Counsel*.  His application was accompanied by the disclosures required by 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure 2014(a).  The disclosures stated that he had "no connections with the Debtor, any of the creditors, or any other party in interest . . . ."

Abdalian's application was eventually approved and he served as Special Counsel for Debtor during her Chapter 11 proceedings.  Debtor's efforts at reorganization failed, after which her case was converted to a Chapter 7 proceeding.  Abdalian represented Debtor from June 22, 2005 to August 24, 2006, the date her case was converted to Chapter 7.

On December 15, 2006, Abdalian filed an application for professional compensation pursuant to 11 U.S.C. § 330.  He sought approval of $48,900.00 and reimbursement of out-of-pocket costs of $7,830.74.  After a preliminary hearing, the Bankruptcy Court reduced the recoverable amount to $40,027.74.

Farnet objected to Abdalian's application on two grounds.  First, he thought the amount sought was unreasonable and excessive in light of the work actually performed.  Second, he argued that Abdalian should be denied compensation because Abdalian failed to disclose the fact that he was representing Debtor's husband and three companies wholly owned by Debtor on the very same state court appeal and at the

expense of the bankruptcy estate. In other words, Farnet argued that Abdalian's application should be denied because four "insiders" were "free-riding" at the expense of the bankruptcy estate.

On May 22, 2008, the Bankruptcy Court conducted an evidentiary hearing on the Abdalian's application and Farnet's objection. On June 12, 2008, it issued an opinion denying Abdalian's application for payment, citing as its basis Abdalian's failure to comply with the Bankruptcy Code's disclosure requirements. Abdalian now appeals that decision.

## II.  STANDARD OF REVIEW

Applicant chose an appeal to this Court, a district court, to review the Bankruptcy Judge's decision. The Court thus reviews the proceedings as if it were an appellate court, applying the same standards of review.

The Court "reviews the factual determinations of the bankruptcy court under the clearly erroneous standard, and reviews the bankruptcy court's construction of [a statute] de novo." *Taylor v. I.R.S.*, 69 F.3d 411, 415 (10th Cir. 1995) (citations omitted).

A Bankruptcy Court's decision regarding attorney's fees will not be upset absent an abuse of discretion. Under this standard, the reviewing Court will not reverse the Bankruptcy Court's decision unless it has "a definite and firm conviction that the lower court committed a clear error of judgment or exceeded the bounds of permissible choice

in the circumstances." *In re Cook*, 223 B.R. 782, 788-89 (10th Cir. BAP 1998) (internal citation omitted).

### III.  ANALYSIS

Judge Campbell denied Abdalian's application for fees an expenses because he found that Abdalian did not comply with the disclosure requirements in his application for employment.  Under 11 U.S.C. 327(e), the debtor or trustee may not employ an attorney, such as Abdalian, if he represents an "interest adverse" to the estate.  This and other conflict of interest provisions are supplemented by Federal Rule of Bankruptcy Procedure 2014, which calls for mandatory disclosures by proposed counsel of all such person's connections with the debtor, creditors, and any other party in interest.  Furthermore, 11 U.S.C. § 329 requires that "[a]ny attorney representing a debtor in a case under this title . . . file with the court a statement of the compensation paid or agreed to be paid . . . for services rendered of or in connection with the case by the such attorney, and the source of such compensation."  The legislative history of this section underscores its importance:  "Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny."  S. Rep. No. 95-989, at 39 (1978).  This is why "[t]hese disclosure requirements are not discretionary.*"  In re Cook*, 223 B.R. at 790.

Abdalian advances several arguments in support of his appeal.  First, he   argues that he did in fact comply with the disclosures requirements, because the parties he

failed to disclose were not parties in interest; thus, his statement to the Bankruptcy Court that he had "no connection with . . . any other party in interest" was accurate and, he argues, complete.  The Court is not persuaded.  Debtor's husband and the three entities wholly owned by Debtor as appellants in the same matter are all "insiders" as that term is defined in 11 U.S.C. § 101(31)(A) – "relative" and "corporations of which the debtor is a director, officer or person in control."  As "insiders," they were not disinterested persons.  Moreover, because they were being represented at the expense of the bankruptcy estate, their interests were potentially adverse to Debtor.  Thus, Abdalian's representation of them was subject to mandatory disclosure.

Abdalian also argues that Judge Campbell erred in finding a conflict of interest.  This argument fails because it is based upon a misreading of Judge Campbell's decision.  Contrary to Abdalian's Statement of Issues, the Order denying compensation was not based on findings that a conflict of interest existed between and among the debtors or that Abdalian's representation of all the defendants in the state court proceeding constituted a conflict of interest.  Rather, as is apparent from the Order itself, Judge Campbell denied Abdalian's fee application because of Abdalian's "serious failure" to comply with the Bankruptcy Code and Rules' attorney disclosure requirements.  These disclosure requirements are in place to allow the courts, not the applicant, to decide whether a conflict of interest exists.  *In re Cook*, 223 B.R. at 793 ("This decision should not be left to counsel, whose judgment may be clouded by the benefits of the potential employment.").

Finally, Abdalian concedes that he failed to disclose his fee agreement with the Debtor and the other insiders, but argues this failure was harmless, a mere "ministerial error." The tenor of Judge Campbell's decision, however, suggests otherwise. He found that

> [Abdalian] did not disclose that he represented the Debtor's husband and three entities wholly owned by the Debtor as appellants in the matter, *free of charge*, with the cost to be borne by this bankruptcy estate . . . [Abdalian's] violations of the Bankruptcy Code and Rules' attorney disclosure requirements was neither insubstantial nor technical. His failure disqualified him from representing Debtor.

In failing to comply with the disclosure requirements, Abdalian forfeited "any right to receive compensation for services rendered on behalf of the debtor . . . ." *In re Smitty's Truck Stop, Inc.*, 210 B.R. 844, 848 (10th Cir. BAP 1997). Absent a "right" to compensation, the decision to award fees in within the judge's discretion. The Court hereby finds that Judge Campbell's decision denying Abdalian's application for fees and expenses was not an abuse of that discretion.

## IV.  CONCLUSION

Based on the foregoing, the Court ORDERS that the Bankruptcy Court's decision is AFFIRMED.

DATED:  July 7, 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

6